1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEE L.,

                          Plaintiff,

     v.

ANDREW M. SAUL,
Commissioner of Social Security,

                        Defendant.

CASE NO. C20-5123-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

14
15
16
17
18
19

       Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).   The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ).   Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

20

## FACTS AND PROCEDURAL HISTORY

21
22
23

       Plaintiff was born on XXXX, 1970.[1]  He has a high school diploma and previously worked

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

as a longshoreman.  (AR 172.)

Plaintiff applied for DIB in May 2016.  (AR 156-59.)  That application was denied and Plaintiff timely requested a hearing.  (AR 88-90, 92-98.)

On December 4, 2018, ALJ Steve Lynch held a hearing, taking testimony from Plaintiff and a vocational expert (VE).  (AR 33-64.)  On January 8, 2019, the ALJ issued a decision finding Plaintiff not disabled.  (AR 15-27.)  Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on December 19, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not engaged in substantial gainful activity since December 15, 2015, the alleged onset date.  (AR 17.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's bipolar disorder, probable personality disorder, and methamphetamine use disorder.  (AR 17-18.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18-19.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of performing a full range of work at all exertional levels, with the following nonexertional limitations: he can perform entry-level work with no public interaction and only occasional interaction with co-workers and supervisors.  (AR 19.)  With that assessment, the ALJ found Plaintiff unable to perform past relevant work as a longshore worker.  (AR 26.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as lab sample courier, office cleaner, and hospital housekeeper.  (AR 26-27.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting his subjective symptom testimony, (2) assessing certain medical evidence and opinions, and (3) discounting lay evidence.  The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

/ / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

<u>Medical opinion evidence</u>

Plaintiff assigns error to the ALJ's assessment of several medical opinions, each of which the Court will address in turn.

<u>Legal standards</u>

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[2]  Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

<u>State agency opinion</u>

State agency psychological consultant Michael Regets, Ph.D., opined at the reconsideration level that Plaintiff should have only "minimal contact with [general public], coworkers, and peers." (AR 84.)  The ALJ gave partial weight to this opinion, finding that in light of further evidence that post-dates the State agency review, Plaintiff should have no public interaction whatsoever, and only occasional interaction with co-workers and supervisors.  (AR 23.)

Plaintiff argues that the ALJ erred in failing to explain why he rejected Dr. Regets' opinion that Plaintiff should have "minimal contact" with coworkers and peers.  Dkt. 11 at 4.  But "minimal" is not a term defined by the Dictionary of Occupational Titles; the ALJ's RFC

---

[2] Because Plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

1   assessment is arguably consistent with this restriction by specifying that Plaintiff can interact with

2   co-workers and supervisors up to one-third of a workday.  Because the ALJ's RFC assessment is

3   consistent with Dr. Regets' opinion, Plaintiff has not established error in the ALJ's assessment of

4   this opinion.  *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010)

5   (ALJ properly incorporated opinions by assessing RFC limitations "entirely consistent" with

6   limitations assessed by physician).

7   Kathleen Mayers, Ph.D.

8       Dr. Mayers performed a psychological examination of Plaintiff in January 2017 and wrote

9   a narrative report describing his symptoms and limitations.  (AR 265-70.)  Dr. Mayers' medical

10  source statement reads in its entirety:

> The claimant is a 46-year old male who reports a history of legal problems and
> impulse control difficulties.  He is a registered sex offender.  He is somewhat able
> to interact with others in a work situation, but when criticized, he tends to respond
> intensely.  He was able to perform three-stage directions.   [Mental status
> examination] indicated that his vocabulary and concentration were average.  His
> fund of knowledge was fair to average.  His abstract thinking skills and judgment
> were fair.  His memory skills ranged broadly from poor to average for these tasks.
> His insight was limited.  He would be able to tolerate minor changes in a work
> situation.

16  (AR 270.)

17      The ALJ gave partial weight to Dr. Mayers' opinion, finding that the overall record

18  suggested that Plaintiff was capable of performing unskilled work with no public interaction and

19  only occasional interaction with co-workers and supervisors.  (AR 23.)  Plaintiff argues that the

20  ALJ erred in failing to explain why he did not account for Dr. Mayers' opinion that Plaintiff could

21  tolerate only minor changes in the work setting.  Dkt. 11 at 6.

22      The Commissioner argues that unskilled work necessarily involves "very little if any"

23  changes in a work setting.  Dkt. 12 at 10 (citing 20 C.F.R. § 404.1568(a) (defining unskilled work

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

1   as "work which needs little or no judgment to do simple duties that can be learned on the job in a

2   short period of time")).  This argument is not persuasive because that regulation does not explicitly

3   suggest that unskilled work involves few changes in a work setting, and Social Security Ruling

4   85-15 provides that "the basic demands of competitive, remunerative, unskilled work include the

5   abilities . . . to deal with changes in a routine work setting on a sustained basis."  *See* 1985 WL

6   56857, at *4 (Jan. 1, 1985).

7        Dr. Mayers opined that Plaintiff could handle minor changes in his work situation, but the

8   ALJ did not include this restriction in the RFC assessment or VE hypothetical, and thus it is not

9   clear that the jobs identified at step five would be consistent with a limitation to only minor changes

10  in the work setting.  This case must be remanded for the ALJ to reconsider Dr. Mayers' opinion

11  regarding Plaintiff's ability to handle minor changes in the work setting, and either credit that

12  opinion or provide legally sufficient reasons to discount it.[3]

13  Richard Kirkpatrick, M.D.

14       Dr. Kirkpatrick, Plaintiff's primary care provider, completed a number of form opinions

15  describing Plaintiff's physical and mental symptoms and limitations.  The ALJ rejected all of them

16  and provided at least one valid reason to do so, rendering harmless errors in the other lines of

17  reasoning.  (AR 23-25.)

18       Specifically, the ALJ noted that although Dr. Kirkpatrick opined that Plaintiff had disabling

19  mental limitations (AR 272, 450-51), Dr. Kirkpatrick's treating notes did not reference any

20

21          [3] Although Plaintiff requests that this error be remedied by a finding of disability, the Court finds
22  that a remand for further proceedings is appropriate because it is not clear on this record whether the
    limitation to minor changes in the work setting would be disabling.  Because further proceedings would
23  serve a useful purpose, the Court declines to order a remand for a finding of disability.  *See Treichler v.
    Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

remarkable psychiatric findings.  (AR 23 (citing AR 262-64, 353-82).)  Indeed, Dr. Kirkpatrick's notes indicate only normal findings as to judgment, insight, mood, and affect, even during an appointment addressing an anxiety attack in connection with using methamphetamine and energy drinks (AR 362-64).  (*See* AR 262-64, 353-82.)  The inconsistency between Dr. Kirkpatrick's opinion and his treating notes, in the context of Dr. Kirkpatrick's failure to explain any of the checkboxes on the mental opinion, is a valid reason to discount Dr. Kirkpatrick's opinion regarding Plaintiff's mental limitations.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

As to Dr. Kirkpatrick's opinion regarding Plaintiff's physical limitations (AR 448-49), the ALJ also explained how this opinion was inconsistent with Dr. Kirkpatrick's treatment notes, which showed "consistently normal physical examinations," as well as the unremarkable imaging. (AR 24 (citing AR 357, 360, 366, 378).)  As the ALJ noted, Dr. Kirkpatrick's opinion did not include any explanation for the exertional and postural limitations listed, and thus the contradictory treatment notes constitute a legitimate reason to discount Dr. Kirkpatrick's conclusions.  *See Tommasetti*, 533 F.3d at 1041.

Because the ALJ provided at least one valid reason to discount Dr. Kirkpatrick's opinions regarding Plaintiff's physical and mental functioning, any errors in the ALJ's other reasoning is harmless.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's allegations because (1) he worked for many years despite longstanding mental conditions, (2) his activities contradict his alleged limitations, and (3) his

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

mental limitations improved with medication and episodically worsened when he used methamphetamine. (AR 20-22.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The ALJ's reasoning with regard to Plaintiff's ability to work despite longstanding mental conditions is a clear and convincing reason to discount Plaintiff's allegations. *See, e.g., Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992) ("She was able to hold two previous jobs with a fair amount of success, and even if those particular jobs are, as she claims, too taxing for her, the vocational counselor testified that she is qualified for thousands of less strenuous jobs."). As noted by the ALJ (AR 21), the treatment notes do not indicate that Plaintiff's mental conditions worsened around the time of his alleged onset date, and instead reference Plaintiff's chronic mental health conditions. (*See, e.g.*, AR 383-445.) The ALJ thus reasonably found that the fact that Plaintiff had been able to work for years with the same mental conditions that he now claims are disabling undermined his allegation that his inability to work now was the result of his impairments.

The ALJ also cited activities that contradict Plaintiff's allegations, which constitutes another clear and convincing reason to discount Plaintiff's allegations. (AR 20-21.) The ALJ referenced *inter alia* Plaintiff's ability to participate in work crew for the Department of Corrections three days per week in September 2018, mow his aunt's lawn, help his elderly neighbor with household chores, and attend recovery groups 1-2 times daily as well as recovery conferences. (AR 20-21.) Plaintiff's participation in daily recovery groups contradicts his testimony that he does not get out of bed 8-12 days per month because he sleeps all day. (*See* AR 51.) Although not all of the activities cited by the ALJ obviously contradict any of Plaintiff's allegations, the ALJ noted both Plaintiff's allegation of sleeping all day approximately 10 days per month as well as his claim that he attends recovery meetings 1-2 times per day, and this

1   inconsistency constitutes a clear and convincing reason to discount Plaintiff's allegations.  *See Orn*

2   *v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine a claimant's allegations

3   where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work

4   skills").

5        Lastly, the ALJ did not err in finding that Plaintiff's treatment record undermined his

6   allegation of disabling mental limitations.  (AR 21-22.)  As noted by the ALJ, the record showed

7   that Plaintiff's symptoms worsened in the context of methamphetamine use, but that when Plaintiff

8   was not using substances and was compliant with his medication regimen, his psychological

9   functioning was normal.  (AR 21-22.)  This evidence contradicts Plaintiff's allegations of disabling

10  mental limitations and supports the ALJ's determination.  *See Wellington v. Berryhill*, 878 F.3d

11  867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can

12  undermine a claim of disability."); *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical

13  record is a sufficient basis for rejecting the claimant's subjective testimony."); *Warre v. Comm'r*

14  *of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled

15  effectively with medication are not disabling for the purpose of determining eligibility for SSI

16  benefits.").

17       Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's

18  allegations, the Court affirms this portion of the ALJ's decision.

19                                    Lay evidence

20       Plaintiff's friend and his mother wrote statements describing his mental symptoms.  (AR

21  254-55.)  The ALJ summarized the statements and found them inconsistent with Plaintiff's

22  "objective evidence, treatment history, and demonstrated level of functioning, as discussed

23  throughout this decision."  (AR 25.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

An ALJ's reasons to discount a lay statement must be germane. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). Plaintiff argues that the ALJ's reasoning is conclusory and unexplained. Dkt. 11 at 14.

The Court disagrees. The ALJ thoroughly discussed the objective evidence, Plaintiff's treatment history, and Plaintiff's activities in the decision (AR 20-22) and relied on that discussion to discount Plaintiff's subjective allegations, which are similar to the allegations of Plaintiff's friend and mother. This reasoning is germane to the lay statements. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); *Carmickle*, 533 F.3d at 1164 (finding that reference to a claimant's inconsistent activities is a germane reason to discount a lay statement). Thus, the Court affirms this portion of the ALJ's decision.

## <u>CONCLUSION</u>

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this <u>15th</u> day of September, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10